**In re THOUSAND TRADE IMPORT EXPORT CO., INC., Debtor.**

**Jeanette TAVORMINA, Plaintiff,**

**v.**

**SOUTHEAST BANK, N.A., Defendant.**

**Bankruptcy No. 82–00194–BKC–SMW. Adv. No. 83–0182–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

June 25, 1984.

Raymond V. Miller, Miami, Fla., for defendant.

Arthur S. Weitzner, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause having come before the Court upon a Complaint to Direct Turnover of Property and the Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the Complaint and the arguments of counsel, reviewed the file and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

By an exchange of letters, the Plaintiff (Trustee) sought information from the Defendant Bank regarding certain bank accounts and a safety deposit box relating to the debtor herein. The Plaintiff further advised the bank that one of the keys to the safety deposit box was in the possession of the Plaintiff and that, by deposition, the principal of the debtor acknowledged the box to be the property of the debtor even though in the names of the principal and his wife. The trustee further demanded the turnover of the funds in the accounts and requested access to the safety deposit box for inspection.

Early in the exchange of correspondence, the Defendant Bank advised that the referenced accounts were closed or had a small balance, but failed to respond to the inquiry of the trustee regarding the box, only to the extent that it was "sealed". Finally, in response to a further inquiry by the trustee, the bank advised that the safety deposit box had been surrendered to the wife of the principal of the debtor on a date subsequent to the time the bank was placed

on notice that the trustee claimed an interest thereto. The whereabouts of the wife is unknown.

The Court finds that the Defendant Bank has acted in an irresponsible manner in its dealing with the trustee, an appointed arm of the Court, whose duty it is to marshall the assets of the debtor for distribution to the creditors of the estate of the debtor. The bank has thwarted the efforts of the trustee by surrendering the box to another entity despite being on notice that the trustee claimed an interest thereto.

The Complaint filed herein seeks the turnover of the referenced bank accounts and access to the safety deposit box. Since the bank accounts have been closed, the Court will deny this relief. Likewise, since the safety deposit box had been surrendered to an entity foreign to the bankruptcy proceeding and the contents of said box spirited away and unknown to the Court, the Court would be engaging in an exercise in futility in ordering the bank to allow the trustee access to the box. Relief is denied the trustee in regards to the safety deposit box for the reasons stated. However, the denial of said Complaint is without prejudice to the trustee to file additional pleadings if appropriate.

Because of the bank's irresponsible conduct in failing to preserve the assets of this estate, resulting in possible loss to the estate and ultimately to the creditors, costs shall be taxed against the bank upon application.

A separate Final Judgment will be entered in accordance with these findings of fact and conclusions of law.