### In re THOUSAND TRADE IMPORT EXPORT CO., Debtor.

### Jeanette E. TAVORMINA, Trustee Plaintiff,

### v.

### SOUTHEAST BANK, N.A., Defendant.

### Bankruptcy No. 82–00194–BKC–SMW. Adv. No. 85–0017–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

March 1, 1985.

Arthur S. Weitzner, Miami, Fla., for trustee.

Raymond V. Miller, Miami, Fla., for defendant Bank.

John Genovese, Miami, Fla., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on Tuesday, February 19, 1985, for Final Hearing and the Court having considered the evidentiary exhibits and heard argument of Counsel, renders its Findings of Fact and Conclusions of Law as follows:

This is a Complaint by the Trustee for damages, interest and costs against the Defendant Bank for the alleged unlawful delivery of the contents of a vault to the wife of the principal of the debtor. The issues of liability were tried in a separate Adversary Proceeding, to wit: Case No. 84–0182–BKC–SMW, 39 B.R. 1022. Pursuant to findings in that earlier proceeding the Court found the Defendant Bank liable for any loss caused to this estate.

The Trustee has offered, as Proof of damage, the Schedules and Statement of Affairs of the Debtor. Under Statement of Affairs question 7(b) the following question and answer is set forth:

7. Bank accounts and safe deposit boxes.

Question: What safe deposit box or boxes, or other depository or depositories, have you kept or used for your securities, cash or other valuables within the two years immediately proceeding the filing of the original petition herein? (Give the name and address of the bank or other depository, the name in which each box or other depository was kept, the name and address of every person who had the right of access thereto, and if the box has been surrendered, state when surrendered, or if transferred, when transferred, and the name and address of the transferee).

Answer: Southeast First National Bank, Coral Way Banking Center, Miami, Florida; precious metal and jewelry valued at $15,000.00

■ The Defendant Bank has objected to the introduction of the Statement of Affairs on the grounds that they constitute hearsay. However, the statement is admissible for the reason that it falls within an exception to the heresay rule because the Declarant is unavailable. See Federal Rule of Evidence No. 804. The Plaintiff Trustee has demonstrated, both during the prior hearing and at the time of this hearing, that the person who executed the statement and schedules, Samuel Ventura, principal of the Debtor is unavailable and, it is believed by the attorney for the Debtor, that he has returned to South America.

■ The Defendant, being unable to introduce, despite an opportunity to do so, any evidence whatsoever as to the value of the property that was in the vault and misdelivered by the Defendant, the Court holds that they have failed in their burden in this matter.

Pursuant to Bankruptcy Rule 9021, a separate Final Judgment will be entered in accordance herewith against the Defendant Bank in the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) together with interest at the rate of one percent (1%) a month from June 25, 1985 (the time of the adjudication of liability) plus costs.